UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-80973-CV-MIDDLEBROOKS

TIMELINED, LLC,

    Plaintiff,

vs.

CINJON RESNICK,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE,
OR IN THE ALTERNATIVE, MOTION TO TRANSFER ACTION FOR THE
CONVENIENCE OF THE PARTIES AND WITNESSES WITH INCORPORATED
MEMORANDUM OF LAW**

COMES NOW THE DEFENDANT, CINJON RESNICK, by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(3), moves the Court for an order dismissing this case for improper venue. In the alternative, Defendant respectfully seeks an order transferring this case to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404.

**INTRODUCTION**

The Plaintiff Timelined, LLC initiated this action on July 23, 2014. Summons was served on Defendant Cinjon Resnick on September 11, 2014. Plaintiff filed its action in this Court, despite the fact that Defendant Cinjon Resnick resides in San Francisco, despite the fact that the Plaintiff, Timelined, LLC, is a Delaware Limited Liability Company that represented to the State of Florida that it did no business prior to July 23, 2014, the same date that this action was initiated (see Exhibit A), despite the fact that Matt Tanase's residency is immaterial to this

1

matter as he is not a named Plaintiff in this case, despite the fact that Plaintiff Resnick's purported work in Florida as alleged in Plaintiff's Complaint ¶9, where he participated in the business for approximately eight days in February 2014 was not performed by a then non-existent company, despite the fact that work on the business in this case could have, and often did, take place virtually anywhere in the country, and despite the fact that Independent Contractors referenced in Plaintiff's Complaint ¶11, lived and worked on the business that is the subject of this matter from different parts of the country. Venue is not proper here, and this Court should dismiss. In the alternative, this Court should transfer the case to the Northern District of California, where proper venue lies.

## VENUE IS NOT PROPER IN THIS DISTRICT

Under 28 U.S.C. § 1391, a civil action based on diversity jurisdiction, such as this action, may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated; or, (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Id. This statute does not provide a basis for venue in this District.

### Defendant Does Not Reside in the Southern District of Florida

Defendant Resnick does not reside in the Southern District of Florida and the Plaintiff has not alleged otherwise. Defendant Resnick resides in the City of San Francisco which is in the Northern District of California.

### No Substantial Part of the Events or Omissions Giving Rise to the Claim Occurred in this District

Plaintiffs allege that venue is proper in this District "pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims of this action occurred in this District." Plaintiff's Complaint ¶6. There is nothing to suggest that a substantial part of events giving rise to this litigation took place in this District. Defendant Cinjon Resnick resides in San Francisco and even Plaintiff's Complaint itself ¶15 alleges that the Defendant Cinjon Resnick was able to access the business which is the subject of this case, presumably remotely. Plaintiff Timelined, LLC, a Delaware Limited Liability Company, per its filing with the Florida Secretary of State on July 23, 2014, did not transact business until well after the events alleged in Plaintiff's complaint occurred and on the same date this matter was initiated, as demonstrated in Exhibit A. Defendant worked on the subject business in many states, including Nevada, Missouri, and Florida for similar periods of time. In fact, California was where Defendant Cinjon Resnick spent the most significant amount of time on the subject business. Moreover, the time Defendant Cinjon Resnick spent with Matt Tanase in Florida was less than the total time Defendant Cinjon Resnick spent with Matt Tanase in Nevada and Missouri.

Plaintiff alleges in Plaintiff's Complaint ¶11 that "Timelined hired approximately forty (40) individuals to assist with developing the source code and/or the condensed media content on independent contractor bases (the "Independent Contractors")." However, these "Independent Contractors" resided and worked on the business that is the subject of this matter in differing parts of the country. It is the Plaintiffs' burden to institute an action in the proper District, because "to hold otherwise would circumvent the purpose of the venue statutes—it would give plaintiffs an improper incentive to attempt to initiate actions in a forum favorable to them but improper as to venue." *Delta Air Lines, Inc. v. Western Conference of Teamsters Pension Trust Fund*, 722 F. Supp. 725, 727 (N.D. Ga. 1989). In this case, the Plaintiffs have chosen an

improper venue. Pursuant to 28 U.S.C. § 1406(a), this Court should dismiss or transfer it to a District in which it could have been brought—in this case, the Northern District of California where the Defendant Cinjon Resnick resides.

## EVEN IF VENUE IS PROPER IN THIS DISTRICT, THE COURT SHOULD TRANSFER TO THE NORTHERN DISTRICT OF FLORIDA FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES

If this Court concludes that venue is proper in this District under 28 U.S.C. § 1391, it should nonetheless transfer the case to the Northern District of California. Under 28 U.S.C. § 1404(a), the Court may for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Although the Court must dismiss or transfer if venue is improper, the Court has significant discretion to transfer under Section 1404 in the "interests of justice."

The "interests of justice" as provided in the Section 1404 factors for a Court's consideration are: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). See also *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y. 1990). In this particular case, these factors heavily favor transfer of venue.

As to the convenience of the witnesses, one of the main witnesses in this case will be Defendant Cinjon Resnick, who resides in San Francisco. Although the Defendant has not

determined its witness list, likely witnesses reside throughout the United States, such that travel to the Northern District of California would not be more or less convenient than any other District for them. Similarly, the location of relevant documents and the relative ease of access to sources of proof, due to the nature and access of the software business, would likely not be more convenient in one District as opposed to the Northern District of California. The convenience of the parties would favor the venue being located in the Northern District of California because the Defendant Cinjon Resnick resides in that District and that is where most of the acts occurred. The availability of process in the Northern District of California is just as available as any other District.

  The relative means of the parties is a major factor, wherein Defendant Cinjon Resnick does not have the relative means that the corporate entity, Timelined, LLC has at its disposal. As for the familiarity of the forum with the governing law, Defendant Cinjon Resnick is confident that the Northern District of California could handle the single count alleged by the Plaintiff in this case. The weight accorded to the plaintiff's choice of forum is not significant as opposed to all of the other factors in this matter. Trial efficiency and interests of justice as it relates to Defendant Cinjon Resnick being asked to defend himself in the Southern District of Florida, while the activity in the Southern District in Florida in regard to the subject business occurred for only a small and insignificant period of time, and where the most significant time spent on the subject business occurred in the Northern District of California which is where the Defendant resides, would lead to the conclusion that the interests of justice would best be served by transferring this action to the Northern District of California.

WHEREFORE, Defendants Cinjon Resnick, respectfully request entry of an order dismissing this action for improper venue, or, in the alternative, transferring this action to the Northern District of California.

Date: 10/15/14

Respectfully submitted,

_/s/ A. Herbert Schwarz_

A. Herbert Schwarz
Florida Bar No. 195820
PHILIP S. KAPROW
Florida Bar No. 378940
VOSE LAW FIRM LLP
324 W. Morse Boulevard
Winter Park, Florida 32789
Telephone: (407) 645-3735
Facsimile: (407) 628-5670
aschwarz@voselaw.com
Attorney(s) for Cinjon Resnick

CERTIFICATE OF CONFERENCE

Counsel for Defendant Cinjon Resnick, A. Herbert Schwarz and Philip S. Kaprow, attempted to contact Counsel for Plaintiff Timelined, LLC, David Nester, regarding this motion on October 15, 2014. Counsel for Defendant Cinjon Resnick, A. Herbert Schwarz, and Counsel for Plaintiff Timelined, LLC, David Nester, discussed the Motion on October 15, 2014, made a good faith effort to discuss and resolve the issues, and were unable to do so.

/s/ A. Herbert Schwarz

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's was served electronically via CM/ECF, on 10/15/14, which will notify all counsel or parties of record on the service list including David A. Nester, Daisy Manning, and Rudolph A. Telscher, Jr. of Harness, Dickey & Pierce and C. Ryan Reetz of Bryan Cave LLP.

/s/ A. Herbert Schwarz
A. Herbert Schwarz
Florida Bar No. 195820
PHILIP S. KAPROW
Florida Bar No. 378940
VOSE LAW FIRM LLP
324 W. Morse Boulevard
Winter Park, Florida 32789
Telephone: (407) 645-3735
Facsimile: (407) 628-5670
aschwarz@voselaw.com
Attorney(s) for Cinjon Resnick

Case No.: 14-80973-CV-MIDDLEBROOKS

SERVICE LIST

David A. Nester
Daisy Manning
Rudolph A. Telscher, Jr
Harness Dickey & Pierce
7700 Bonhomme
Suite 400
St. Louis, MO 63105
314-726-7500
Email: dmanning@hdp.com
dnester@hdp.com
rtelscher@hdp.com
Attorney for Plaintiff
Party Name: Timelined, LLC

C. Ryan Reetz
Bryan Cave LLP
200 S. Biscayne Boulevard
Suite 400
Miami, FL 33131
786-322-7370
Fax: 786-322-7470
Email: ryan.reetz@bryancave.com
Attorney for Plaintiff
Party Name: Timelined, LLC

M14000005228

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP   ☐ WAIT   ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____   Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



600260677556

FILED
14 JUL 23 PH 1:45
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

RECEIVED
14 JUL 23 PH 4:32

JUL 2 4 2014
T. BROWN




**CORPORATION SERVICE COMPANY**

```
            ACCOUNT NO.   :  I20000000195
            REFERENCE     :  227263      5017647
            AUTHORIZATION
            COST LIMIT    :  $ 125.00
```
------------------------------------------------------------

ORDER DATE : July 23, 2014

ORDER TIME : 3:22 PM

ORDER NO. : 227263-005

CUSTOMER NO: 5017647

------------------------------------------------------------

### FOREIGN FILINGS

NAME:   TIMELINED LLC


XXXX  QUALIFICATION   (TYPE: LL)


PLEASE RETURN THE FOLLOWING AS PROOF OF FILING:

_____ CERTIFIED COPY
XX_____ PLAIN STAMPED COPY
_____ CERTIFICATE OF GOOD STANDING


CONTACT PERSON: Courtney Williams -- EXT# 62925

EXAMINER: _____

## COVER LETTER

**TO:** Registration Section
Division of Corporations

**SUBJECT:** Timelined LLC
_____
Name of Limited Liability Company

The enclosed "Application by Foreign Limited Liability Company for Authorization to Transact Business in Florida," Certificate of Existence, and check are submitted to register the above referenced foreign limited liability company to transact business in Florida..

Please return all correspondence concerning this matter to the following:

Paula Robinson
_____
Name of Person

Bryan Cave LLP
_____
Firm/Company

211 N. Broadway, Suite 3600
_____
Address

St. Louis, MO 63102
_____
City/State and Zip Code

paula.robinson@bryancave.com
_____
E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

_____ at (_____) _____
Name of Contact Person      Area Code    Daytime Telephone Number

**MAILING ADDRESS:**
Division of Corporations
Registration Section
P.O. Box 6327
Tallahassee, FL 32314

**STREET ADDRESS:**
Division of Corporations
Registration Section
Clifton Building
2661 Executive Center Circle
Tallahassee, FL 32301

Enclosed is a check for the following amount:
☐ $125.00 Filing Fee   ☐ $130.00 Filing Fee & Certificate of Status   ☐ $155.00 Filing Fee & Certified Copy   ☐ $160.00 Filing Fee, Certificate of Status & Certified Copy



## APPLICATION BY FOREIGN LIMITED LIABILITY COMPANY FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA

*IN COMPLIANCE WITH SECTION 605.0902, FLORIDA STATUTES, THE FOLLOWING IS SUBMITTED TO REGISTER A FOREIGN LIMITED LIABILITY COMPANY TO TRANSACT BUSINESS IN THE STATE OF FLORIDA:*

1. Timelined LLC
   (Name of Foreign Limited Liability Company; must include "Limited Liability Company," "L.L.C.," or "LLC.")

   _____
   (If name unavailable, enter alternate name adopted for the purpose of transacting business in Florida. The alternate name must include "Limited Liability Company," "L.L.C," or "LLC.")

2. Delaware
   (Jurisdiction under the law of which foreign limited liability company is organized)

3. _____
   (FEI number, if applicable)

4. upon filing
   (Date first transacted business in Florida, if prior to registration.)
   (See sections 605.0904 & 605.0905, F.S. to determine penalty liability)

5. 455 NE 5th Avenue, Suite D169

   Delray Beach, Florida 33483
   (Street Address of Principal Office)

6. 455 NE 5th Avenue, Suite D169

   Delray Beach, Florida 33483
   (Mailing Address)

7. The name, title or capacity and address of the person(s) who has/have authority to manage is/are:

Relreso LLC - member

455 NE 5th Avenue, Suite D169, Delray Beach, Florida 33483

8. Attached is an original certificate of existence, no more than 90 days old, duly authenticated by the official having custody of records in the jurisdiction under the law of which it is organized. (A photocopy is not acceptable. If the certificate is in a foreign language, a translation of the certificate under oath of the translator must be submitted)

*/s/ Matthew Tanase*

Signature of an authorized person
(In accordance with section 605.0203, F.S., the execution of this document constitutes an affirmation under the penalties of perjury that the facts stated herein are true. I am aware that any false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.)

By: Matthew Tanase, sole member, Relreso, LLC
Typed or printed name of signee

## CERTIF[...]ATION OF
## REGISTERED AGENT/REGISTERED OFFICE

PURSUANT TO THE PROVISIONS OF SECTION 605.0113 or 605.0902 (1)(d), FLORIDA STATUTES, THE UNDERSIGNED LIMITED LIABILITY COMPANY SUBMITS THE FOLLOWING STATEMENT TO DESIGNATE A REGISTERED OFFICE AND REGISTERED AGENT IN THE STATE OF FLORIDA.

1. The name of the Limited Liability Company is:

Timelined LLC

If unavailable, the alternate to be used in the state of Florida is:

2. The name and the Florida street address of the registered agent and office are:

Corporation Service Company

(Name)

1201 Hays Street

Florida Street Address (P.O. Box NOT ACCEPTABLE)

Tallahassee                    FL  32301

City/State/Zip

*Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 605, Florida Statutes.*

Corporation Service Company

By: *Emily Gray* (Signature)

Emily Gray
Asst. Vice President

$ 100.00   Filing Fee for Application
$  25.00   Designation of Registered Agent
$  30.00   Certified Copy (optional)
$   5.00   Certificate of Status (optional)



PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "TIMELINED LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-THIRD DAY OF JULY, A.D. 2014.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "TIMELINED LLC" WAS FORMED ON THE FOURTEENTH DAY OF FEBRUARY, A.D. 2014.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.

Jeffrey W Bullock, Secretary of State

AUTHENTICATION: 1560622

DATE: 07-23-14

5482344  8300

140988384

You may verify this certificate online at corp.delaware.gov/authver.shtml